UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
LESBIA ALVARADO, on behalf of herself and all : 
others similarly situated, :
: **23 Civ. 00362**
                Plaintiff, :
: **CLASS ACTION**
   -against- : **COMPLAINT**
:
TVI INC. d/b/a SAVERS, : **JURY TRIAL DEMANDED**
              Defendant. :
-------------------------------------------------------------------- X

      Plaintiff Lesbia Alvarado ("Plaintiff" or "Alvrado"), on behalf of herself and all others similarly situated, by her attorneys Pechman Law Group PLLC and Colin Mulholland, Esq., complaining of defendant TVI Inc. d/b/a Savers ("Savers" or "Defendant") alleges:

## NATURE OF THE ACTION

      1.     Plaintiff Lesbia Alvarado worked as a clothing sorter and hanger in the Production Department of Defendant's thrift shop located in West Hempstead, New York from approximately September 2017 to December 2022. Throughout her employment, Alvarado and all other clothing sorters and hangers at all Savers locations in New York State (the "Manual Workers") spent more than 25% of their work time performing duties that were physical in nature, such as bending, lifting, standing, carrying, walking, sorting, hanging, and organizing. Despite this, Savers paid all Manual Workers on a biweekly basis.

      2.     Defendant violated Section 191 of the New York Labor Law ("NYLL") by paying Manual Workers' wages on a biweekly basis. As "manual workers" within the meaning of the NYLL, they should have been paid "weekly and not later than seven calendar days after the end of the week the[ir] wages are earned." N.Y. Lab. L. § 191(1)(a)(i).

3. Plaintiff brings this action on behalf of herself and all similarly situated Manual Workers to recover liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to Rule 23 of the Federal Rules of Civil Procedure and Articles 6 and 19 of the NYLL.

## JURISDICTION

4. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because the amount in controversy against Defendant exceeds $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

5. There are more than 100 members in the proposed class.

6. Defendant operates and does business in New York State and is subject to personal jurisdiction in this Court.

## VENUE

7. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, because Defendant's business operations and the events giving rise to Plaintiff's claims occurred in this district.

## THE PARTIES

**Plaintiff Lesbia Alvarado**

8. Lesbia Alvarado resides in Hicksville, New York.

9. Alvarado worked for Savers as a clothing sorter and hanger from approximately September 2017 to December 2022.

**Defendant TVI Inc.**

10. Defendant TVI Inc. is a foreign business corporation organized and existing under the laws of the State of Washington.

11. TVI Inc.'s principal executive office is located at 11400 SE 6th Street, Bellevue, Washington 98004.

12. Since opening its first store in San Francisco, California in 1954, Savers has "opened stores across the U.S., Canada, and Australia" to sell used and re-used clothing and household items. *See* https://www.savers.com/about-us (last visited January 19, 2023).

13. Savers is a for-profit corporation.

14. Upon information and belief, New York State is not the principal place of business of TVI Inc.

15. Throughout Plaintiff's employment, Savers was a covered employer within the meaning of the NYLL.

16. Throughout Plaintiff's employment, Savers employed Plaintiff and all other Manual Workers within the meaning of the NYLL.

**FACTUAL ALLEGATIONS**

17. Alvarado worked at the Savers store located at 188 Hempstead Turnpike, West Hempstead, New York 11552 from approximately September 2017 to December 2022.

18. Alvarado worked as a clothing sorter and hanger throughout her employment at Savers.

19. As a clothing sorter and hanger in Defendant's Production Department, Alvarado's primary work duty was manually to sort clothing that Savers received from third parties so that it could be hung on hangers. As part of her primary work duty, Alvarado would lift and open bags of items donated to Savers, remove articles from boxes, and sort them in the open floor Production Department space.

20. Throughout her employment at Savers as a clothing sorter and hanger, Alvarado spent more than a quarter (25%) of each workday performing duties that were physical in nature, such as moving and opening boxes and bags, moving and organizing articles of clothing, and placing clothing on hangers.

21. Alvarado had to stand, bend, and walk to perform her primary work duties.

22. Throughout her employment, Defendant paid Alvarado's wages on a biweekly basis.

23. Because Defendant paid her wages on a biweekly basis, Defendant always paid Alvarado's wages due for the first workweek of each biweekly pay period more than seven days after the end of the workweek.

24. For example, on December 9, 2022, Savers paid Alvarado's wages earned for her hours worked in the workweeks of November 20 to 26 and November 27 to December 3, 2022.

25. Defendant paid Alvarado's wages earned for the workweek of November 20 to 26, 2022, on December 9, 2022, more than seven days after the end of the workweek.

26. Defendants' practice and policy of paying Alvarado her wages earned more than seven days after the end of the workweek injured Alvarado by robbing her of the ability to invest her money earlier as she pleased, such as by paying bills earlier or depositing her money into an interest-earning account.

27. This is particularly so because Alvarado was paid only slightly more than the minimum wage rate. For example, her hourly wage rate in November and December 2022 was $15.25, only $1.25 higher than the minimum wage rate in Long Island in 2022 and only $0.25 higher than the minimum wage rate in Long Island in 2023.

4

## CLASS ACTION ALLEGATIONS

28. Alvarado brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and a class consisting of all similarly situated Manual Workers who work or have worked for Savers in any of its locations in New York State within the six years prior to the filing of this Complaint (the "Rule 23 Class").

29. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

30. Upon information and belief, the size of the Rule 23 Class exceeds 100 individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendant.

31. Upon information and belief, Defendant employed more than forty Manual Workers in the West Hempstead location of Savers throughout Plaintiff's employment.

32. Upon information and belief, Defendant employed more than 100 Manual Workers throughout its store locations in New York State in the last six years.

33. Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

34. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, namely whether Defendant untimely compensated them in violation of NYLL § 191.

35. Upon information and belief, Defendant paid all Manual Workers employed in its New York State store locations in the last six years on a biweekly basis.

36. Plaintiff's claims are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiff and the members of the Rule 23 Class work or have worked for Defendant at various times within the applicable six-year statutory period. They enjoy the same statutory right to be paid on a timely manner pursuant to the NYLL. Plaintiff and the members of the Rule 23 Class have sustained similar types of damages because of Defendant's failure to comply with the NYLL.

37. Plaintiff and the Rule 23 Class have all been injured in that they have been untimely compensated due to Defendant's common policies, practices, and patterns of conduct.

38. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

39. Plaintiff has retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

40. There is no conflict between Plaintiff and the Rule 23 Class members.

41. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery because of Defendant's common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendant's compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

42. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## CLAIM
### (NYLL § 191 – Frequency of Payments)

43. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

44. Defendant is an employer that is subject to and must abide by the frequency of payments provision of the NYLL.

45. Defendant paid Plaintiff and the Rule 23 Class on a biweekly basis.

46. In the last six years, Plaintiff and the Rule 23 Class spent more than 25% of their working time performing work tasks of a physical nature.

47. Plaintiff and the Rule 23 Class were "manual workers" within the meaning of NYLL § 191(1)(a)(i).

48. By paying Plaintiff and the Rule 23 Class on a biweekly basis, Defendant failed to pay Plaintiff and the Rule 23 Class their wages due "not later than seven calendar days after the end of the week in which the wages were earned."  N.Y. Lab. L. § 191(1)(a).

49. Because Defendant failed to pay Plaintiff and the Rule 23 Class on a weekly basis, they were unable to invest the money that they earned until later each month, robbing them of the timely use of their money.  This is particularly important here, where Plaintiff and the members of the Rule 23 Class were paid at or only slightly more than the applicable minimum wage rate.

50. As a result, Plaintiff and the Rule 23 Class are entitled to recover liquidated damages equal to the full amount of their wages paid later than seven days after the end of a workweek in each biweekly period within the six years prior to the filing of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Rule 23 Class, respectfully requests that this Court:

      a.      certify this case as a class action pursuant to Rule 23 for the class of employees described above, certify Plaintiff as the class representative, and designate Plaintiff's counsel as Class Counsel;

      b.      declare that Defendant violated the frequency of payment provision of the NYLL;

      c.      declare that Defendant's violation of the NYLL was willful;

      d.      award Plaintiff and the Rule 23 Class liquidated damages pursuant to the NYLL;

      e.      award Plaintiff and the Rule 23 Class pre- and post-judgment interest;

      f.      award Plaintiff and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the NYLL; and

      g.      award such other and further relief as the Court deems just and proper.

[INTENTIONALLY BLANK, CONTINUED ON NEXT PAGE]

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
January 19, 2023

| PECHMAN LAW GROUP PLLC | COLIN J. MULHOLLAND, ATTORNEY-AT-LAW |
|---|---|
| By: *s/Louis Pechman*<br>Louis Pechman<br>Gianfranco J. Cuadra<br>Pechman Law Group PLLC<br>488 Madison Avenue, 17th Floor<br>New York, New York 10022<br>Tel.: (212) 583–9500<br>pechman@pechmanlaw.com<br>cuadra@pechmanlaw.com | By: *s/Colin Mulholland*<br>Colin Mulholland<br>30–97 Steinway, St., Ste. 301–a<br>Astoria, New York 11103<br>Tel.: (347) 687–2019<br>cmulhollandesq@gmail.com |

*Attorneys for Plaintiff and Putative Rule 23 Class*